**AMERADA PETROLEUM CORPORATION, Petitioner,**

v.

**FEDERAL POWER COMMISSION, Respondent (two cases).**

Nos. 6483, 6498.

United States Court of Appeals Tenth Circuit.

July 24, 1961.

Rehearing Denied Aug. 24, 1961.

N. Kenneth Scott, Jr., Tulsa, Okl. (Robert J. Stanton, Joseph W. Morris and John S. Miller, Tulsa, Okl., were with him on the brief), for petitioner.

John D. Lane, Washington, D. C. (John C. Mason, Gen. Counsel, Howard E. Wahrenbrock, Sol., and Luke R. Lamb, Asst. Gen. Counsel, F. P. C., Washington, D. C., were with him on the brief), for respondent.

Before BRATTON, LEWIS and BREITENSTEIN, Circuit Judges.

BRATTON, Circuit Judge.

Section 4(c) of the Natural Gas Act of 1938, 52 Stat. 821, as amended, 15 U.S. C.A. § 717 et seq., requires natural gas companies subject to regulation to file with the Federal Power Commission schedules of rates and all contracts which in any manner affect or relate to rates. Section 4(d) provides that unless the Commission orders otherwise, no change in rates shall be made except after thirty days' notice to the Commission, the notice stating the change or changes to be made in the schedule or schedules then in force and the time when such change or changes will go into effect. Except in cases of industrial rates, section 4(e) empowers the Commission to suspend new schedules for a period of not more than five months beyond the time they otherwise would go into effect pending a determination of their reasonableness. The section further provides that if the Commission has not reached a decision before the period of suspension has expired, the filed rate shall on motion of the natural gas company go into effect. Section 5(a) vests in the Commission power, after a hearing, to modify rates which it determines are unjust, unreasonable, unduly discriminatory, or preferential. Section 16 grants to the Commission power to perform any and all acts and make such rules and regulations as it may find necessary or appropriate to carry out the provisions of the Act. And section 19(b) makes provision for judicial review of orders issued by the Commission.

Amerada Petroleum Corporation, a producer of natural gas, is subject to regulation under the Act. It sold gas to El Paso Natural Gas under nine sales contracts which it filed with the Commission as rate schedules. The contracts each contained a favored nation provision. By virtue of such provisions, El Paso Natural became obligated to increase its payments for gas under six of such contracts, effective October 1, 1959; and by virtue of like provisions, El Paso became obligated to increase its payments under the other three contracts, effective October 9, 1959. On August 31, 1959, Amerada filed with the Commission notices of change in rates under the six contracts; and on Septem-

ber 8, it filed like notices of change under the three contracts. By orders issued September 25 and October 7, 1959, the Commission suspended these rate changes, respectively, until March 1 and March 9, 1960, respectively. On October 26, 1959, Amerada and El Paso Natural renegotiated the nine contracts. The renegotiated contracts fixed the sales price of gas at a figure in excess of that specified in the original contracts and the increase under the favored nations provisions combined. On November 30, the renegotiated contracts were filed with the Commission as supplements to the original rate schedules and as notices of change in rates. By order issued December 18, 1959, the Commission accepted the filings and suspended the rate increases until June 1, 1960. On February 5, 1960, the Commission advised Amerada by letters that the filings of August 31 and September 8, 1959, were regarded by the Commission as superseded by those of November 30, 1959, and, therefore, the former proceedings were terminated as moot. Amerada filed motions to place in effect on March 1 and March 9, 1960, respectively the increases of which notice had been given in August and September. On March 7, it filed petitions for rehearing and reconsideration of the letter orders of February 5, 1960. On April 5, 1960, the Commission issued its order granting the petitions for rehearing, vacating the letter orders, reinstating the August and September, 1959, filings, and rescinding permission to file the rate changes tendered on November 30, 1959. On April 25, 1960, Amerada refiled the supplemental rate schedules which the Commission rejected by its order of April 5, 1960. By order dated May 25, the Commission suspended until November 1, 1960, use of the increase in rates embodied in the refiled supplemental schedules. And by petitions under section 19 (b) of the Act, Amerada brought here for review the orders of the Commission of April 5 and May 25, 1960.

 Except as restricted by express or implied provisions in the Act, natural gas companies possess the same freedom in respect to the making of rates that they would have in the absence of the Act. The Act does not purport to grant to or take from natural gas companies their power to make rates initially, by contract or otherwise, subject to rejection or modification upon a finding of the Commission that they are unlawful. Considered as a whole, the Act establishes a comprehensive statutory scheme under which rates are established initially by action of natural gas companies with the Commission exercising powers of review. United Gas Pipe Line Co. v. Mobile Gas Service Corp., 350 U.S. 332, 76 S.Ct. 373, 100 L.Ed. 373. And natural gas companies are free to effectuate changes in rates from time to time, but they are subject to procedures and limitations of the Act. United Gas Pipe Line Co. v. Memphis Light, Gas and Water Division, 358 U.S. 103, 79 S.Ct. 194, 3 L.Ed.2d 153.

 The order of April 5, 1960, is attacked on the ground that the Commission did not have authority to reject the notices of change in rates because the changes were to be made during the period when prior rate changes relating to the same gas were suspended. Pinpointing, the substance of the challenge is that the Act contains no restriction upon making rate changes during periods when prior rate changes relating to the same gas are suspended. The order stated that the Commission's general policy and interpretation of the Act had been that a rate in effect prior to the suspension continues in effect during the suspension period and shall not be changed during such period. It was further stated that the November 30, 1959, filings proposed to change rates under suspension and, therefore, were subject to rejection. It was further stated that since such action was considered less onerous to Amerada, the Commission considered the changes as superseding the prior filings. And it was further stated that, in view of Amerada's opposition to such action and consistent with the Commission's general policy and interpretation of the Act, it was deemed necessary and

proper for the enforcement of the Act to rescind the Commission's prior permission to file the November 30, 1959, changes and reject them without prejudice to their resubmittal, to vacate the letter orders dated February 5, 1960, to reinstate the suspension proceedings, and to reinstate the supplements tendered for filings on August 31, 1959, and September 8, 1959. Section 4(d) of the Act concerns itself with the making of changes in rates. It forbids the making of changes without notice thereof being given to the Commission for at least thirty days · before such changed rates are to go into effect. And it provides that the notice shall state the change or changes to be made in the schedule or schedules "then in force" and the time at which the changed rates shall go into effect. Considered as a whole, the section bears a clear token of Congressional implication that the power of a natural gas company to make a change or changes in rates is limited to the rate or rates in force and effect at the time of the change or changes. Moreover, by section 16 of the Act, the Commission is expressly vested with power "to perform any and all acts, and to prescribe, issue, make, amend, and rescind such orders * * * as it may find necessary or appropriate to carry out the provisions of this Act." Manifestly, that is a sweeping grant of administrative authority to be exercised in the sound discretion of the Commission. In the exercise of such power, the Commission has consistently declared its policy and interpretation of the Act to be that during the suspension of a rate, the prior existing rate schedule continues in effect and shall not be changed. 18 CFR §§ 2.4 (f) and 2.52, page 37. Congress has not taken steps directly or indirectly disapproving such policy and interpretation. And that administrative interpretation is to be accorded appropriate consideration in arriving at a judicial construction of the Act. Sunray Mid-Continent Oil Co. v. Federal Power Commission, 364 U.S. 137, 154, 80 S.Ct. 1392, 4 L.Ed.2d 1623. Considering the statute and the regulations together, we entertain no doubt that the Commission was clothed with authority to enter the order of April 5, 1960.

 The order of May 25, 1960, is challenged on the ground that its effect was to suspend Amerada's rate changes for a period in excess of the statutory limit of five months from the time they otherwise would have gone into effect with a resulting loss in revenue to Amerada during such excess. The contention is based upon the premise that it was of no moment that the first increases were suspended at the time the second increases were to become effective. That which has been said makes obvious that the premise is without sustainable foundation. The effective date of changed rates after suspension has reference to a valid filing. The period has no reference to the filing of an invalid change.

The orders of the Commission are severally affirmed.